[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 28, 2005
THOMAS K. KAHN
CLERK

No. 05-11018
Non-Argument Calendar

_____

D. C. Docket No. 00-00072-CR-001-DF-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANN MARIE REID,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(October 28, 2005)**

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Ann Marie Reid appeals the 24-month sentence imposed after revocation of

her supervised release. On appeal, she argues that the district court erred by not

imposing a lesser sentence that fell within the recommended sentencing range of

U.S.S.G. § 7B1.4, particularly in light of evidence that Reid needed mental health counseling. We review a district court's decision to revoke supervised release and impose sentence under the Chapter 7 Guidelines' recommended sentencing range for abuse of discretion. See United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000) (reviewing sentence exceeding Chapter 7 recommended range). We review the ultimate sentence imposed for reasonableness. See United States v. Winingear, --- F.3d ---, 2005 WL 2077087, *3 (11th Cir. Aug. 30, 2005); United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005) (citing United States v. Booker, 543 U.S. ---, 125 S. Ct. 738, 767 (2005)).[1]

After thorough review of the record, and careful consideration of the parties' briefs, we affirm.

The relevant facts are straightforward. In 2001, Reid was sentenced to 30 months' imprisonment, followed by 3 years of supervised release, after pleading guilty to theft of mail, in violation of 18 U.S.C. § 1708. According to the presentence investigation report ("PSI"), Reid fraudulently obtained a letter from Dillard National Bank containing a credit card in someone else's name. At the

---

[1]We are unpersuaded by the government's argument that we lack jurisdiction altogether over this appeal and conclude we have jurisdiction but to review only the reasonableness of the ultimate sentence imposed. Cf. United States v. Fleming, 397 F.3d 95, 99 (2nd Cir. 2005) (holding that after Booker's excision of 3742(e), standard for reviewing a sentence for which there are applicable policy statements but no applicable guidelines, such as a sentence imposed for violation of supervised release, is that of "reasonableness").

sentencing hearing, the district court noted several conditions that would apply during supervised release, including a requirement that Reid not commit another federal, state or local crime and a requirement that she pay any restitution that remained unpaid at the start of supervised release. Reid did not file a direct appeal of her sentence.

Reid began serving her term of supervised release in 2003. In 2005, the probation office filed a petition for revocation, stating that Reid had violated conditions of her supervised release by (1) committing the offense of identity fraud and (2) failing to satisfy court-ordered restitution. In support of the petition, the probation officer prepared a Revocation Report (RR). The RR stated that U.S.S.G. §§ 7B1.1-7B1.5 provided non-binding sentencing alternatives for Reid. Applying § 7B1.1(a)(1)(A), the probation officer found that Reid had committed a Grade B violation and recommended the court revoke Reid's supervised release, pursuant to § 7B1.3(a)(1), which provides the following: "[u]pon a finding of a Grade A or B violation, the court shall revoke probation or supervised release." U.S.S.G. § 7B1.3(a)(1). Based on Reid's commission of a Grade B violation and a criminal history category at the time of the original offense was VI, Reid's recommended range of imprisonment was 21-27 months. See U.S.S.G. § 7B1.4. Moreover, the

offense carried a statutory maximum term of two years. See 18 U.S.C. § 3583(e)(3).

At the revocation hearing, Reid admitted the first charged violation of her supervised release terms. Since most of the restitution had been paid, the second charge was largely undisputed. Thereafter, the district court asked Reid to describe the facts underlying the offense constituting a violation of her supervised release. After she had done so, Reid said that she wanted counseling. Reid's attorney further described Reid's long, but non-violent, criminal record and asked the court to consider revoking her supervised release for one year and ordering mandatory mental health counseling.

The district court revoked Reid's release and sentenced her to 24 months' imprisonment, citing the following reason: "Her record is such that from this point on, if she comes back before this Court or any other court, it's going to be very difficult to deal leniently with her." This appeal followed.

Upon finding that a defendant violated supervised release, the district court may revoke the term of supervised release and impose a term of imprisonment after considering various factors set out in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3583(e). The term imposed cannot exceed the statutory maximum, which is determined by grade of the violation. See id. Relevant factors for determining the

4

length of imprisonment upon revocation include the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the kinds of sentences and sentencing range established under the applicable guidelines and policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3553(a)(1), (4)(B). The sentencing court "shall state in open court the reasons for its imposition of a particular sentence, and if the sentence . . . is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for imposition of a sentence different from that described." 18 U.S.C. § 3553(c)(2).

Chapter 7 of the Sentencing Guidelines governs violations of supervised release and contains policy statements, one of which provides recommended ranges of imprisonment applicable upon revocation. See U.S.S.G. § 7B1.4, p.s. While the district court is required to consider the policy statements, it is not bound by them. United States v. Brown, 224 F.3d 1237, 1242 (11th Cir. 2000). When exceeding the recommended range, the court must indicate that it considered the Chapter 7 policy statements. It is "enough that there is some indication the district court was aware of and considered them." Aguillard, 217 F.3d at 1320.

Because the 24-month sentence imposed was within the sentencing range in the Chapter 7 policy statement, and the court had the statutory authority to impose the sentence, and stated its reasons for doing so when it reasoned that Reid's

5

extensive criminal record would make it difficult for a court to deal leniently with her, we can find no abuse of discretion. Moreover, Reid's sentence was not unreasonable because the district court was guided by the § 3553(a) factors, particularly Reid's extensive criminal history, in imposing sentence. <u>See</u> <u>Winingear</u>, 2005 WL 2077087 at \*4 (clarifying that this Court's reasonableness review of a sentence is guided by the § 3553(a) factors).

**AFFIRMED.**